IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| LINDA H., <br><br>　　　　Plaintiff, <br><br>vs. <br><br>MARTIN O'MALLEY, <br>Commissioner of Social Security, <br><br>　　　　Defendant. | No. 23-CV-28-CJW-MAR <br><br><br>**ORDER ON REPORT AND RECOMMENDATION** |

## I.　INTRODUCTION

This matter is before the Court on a September 4, 2024 Report & Recommendation ("R&R") by the Honorable Mark A. Roberts, United States Magistrate Judge. (Doc. 15). Judge Roberts recommends the Court affirm the decision of the Commissioner of Social Security ("the Commissioner") denying plaintiff Linda H. ("claimant") application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, Title 42, United States Code, Sections 1381-85 ("the Act"). (*Id.*, at 1). Claimant filed a timely objection on September 18, 2024. (Doc. 16).

## II.　PROCEDURAL HISTORY

On February 1, 2021, claimant applied for SSI, alleging her disability began on the same date. (AR 13, 15).[1] She alleged she was disabled because of autism, Asperger's Syndrome, intellectual disability, anxiety, and panic attacks. (*Id.*, at 218). On March 15, 2021, the Commissioner denied claimant's application. (*Id.*, at 75-83). On August 4, 2021, the Commissioner denied claimant's request for reconsideration. (*Id.*, at 89-

---

[1] "AR" cites refer to pages in the Administrative Record.

98). On April 18, 2022, an administrative law judge ("ALJ") held a videoconference hearing, receiving testimony from claimant and a vocational expert. (*Id.*, at 35-57). On April 27, 2022, the ALJ issued an unfavorable decision. (*Id.*, at 13-29). On March 6, 2023, the Appeals Council denied claimant's request for review. (*Id.*, at 1-4).

On May 8, 2023, claimant filed her complaint in this Court. (Doc. 3). On November 20, 2023, all briefing was completed and the Court referred the matter to Judge Roberts for an R&R. (Doc. 14).

In her brief, claimant argued the ALJ erred by: (A). rejecting claimant's subjective allegations of disability and making an inadequate credibility finding; (B) rejecting the opinions of treating medical providers; and (C) making a flawed RFC determination on an improperly developed record. (Doc. 10). Claimant also argues the ALJ was not constitutionally appointed. (*Id.*).

### III. THE REPORT AND RECOMMENDATION

Judge Roberts addressed each of claimant's argument in his R&R. First, Judge Roberts found "the ALJ appropriately discounted claimant's subjective allegations because the ALJ found inconsistencies in the evidence as a whole and considered the *Polaski* factors." (Doc. 15, at 13). Judge Roberts found there was substantial evidence on the record as a whole to support the ALJ's findings and noted that it is not for the Court to reweigh the evidence. (*Id.*). Second, Judge Roberts found "the ALJ properly considered and weighed the evidence provided by Schmidt-Luhring," and Dr. Hansen, claimant's treating medical provider, and that the ALJ's analysis was supported by the record. (*Id.*, at 20, 25-27). Again, Judge Roberts noted that even if a contrary view could be taken from the evidence, it is not this Court's proper function to reweigh the evidence and substitute its own opinion for that of an ALJ when substantial evidence on the record as a whole can support the ALJ's conclusion. (*Id.*, at 20-21, 27). Third, Judge Roberts found the ALJ did not fail to develop the record as to claimant's physical

limitations based on a passing reference to her seeing a chiropractor, especially when claimant did not claim disability based on physical impairments. (*Id.*, at 28-29). As for claimant's argument the ALJ was unconstitutionally appointed, Judge Roberts noted that binding Eighth Circuit precedent forecloses that argument. (*Id.*, at 30).

### IV. CLAIMANT'S OBJECTIONS TO THE R&R

Claimant objects to each of Judge Roberts' conclusions and recommendations, except she concedes that binding Eighth Circuit precedent forecloses her challenge to the ALJ's appointment. Complaining about the ALJ's "wall of text" which Judge Roberts included in a block quote in his R&R, claimant argues Judge Roberts failed to recognize that the record supported "supervisor-specific limitations" because she is unable "to respond to criticism and the frustrations present in a full-time competitive workplace." (Doc. 16, at 3). Claimant argues Judge Roberts' analysis also failed to note that the ALJ's reliance on agency psychological consultant opinions were misguided, unsupported, and applied an erroneous legal standard. (*Id.*, at 3-4). Claimant also argues that Judge Roberts' R&R "fails to note the problems with the ALJ's specific analysis," including that "Schmidt-Luhring's counseling notes showed many objective findings supporting her opinions," claimant's "unusual anger often arose in these appointments," and that "the ALJ's reliance on erroneous noting of normal grooming for these audio-only appointments was in error." (*Id.*, at 5). In short, claimant alleges "[t]he ALJ completely ignored the support offered by Ms. Schmidt-Luhring for her opinions while finding the opinions generally unpersuasive," which claimant argues constitutes legal error. (*Id.*, at 5-6).

As for Dr. Hansen, claimant argues Judge Roberts erred by failing to note that the ALJ failed "to specifically address the supportability and consistency factors." (*Id.*, at 7). Claimant argues Judge Roberts erred in relying on claimant's assertion she had no help in caring for her dying husband, arguing instead that the Court should recognize that

3

claimant has a low IQ and was stressed, causing her to forget the support she had from hospice. (*Id.*).

Claimant asserts Judge Roberts' erred in finding the ALJ failed to develop the record, arguing that claimant's mental health impairments caused her not to seek help for her physical conditions. (*Id.*, at 8). Claimant argues that her attorney at the hearing emphasized the mental health impairments, but mentioned physical impairments as well. (*Id.*, at 9). Claimant argues that, "[a]t her age, [claimant's] various physical problems could support an award if they were fully developed with a consultative examination, given the Medical-Vocational Guidelines." (*Id.*). Claimant suggests that if this case is remanded for other reasons, "development as to [claimant's] physical limitations should occur, whether or not this issue warrants remand independently." (*Id.*).

## V. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

The Court must affirm the Commissioner's decision "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

To determine whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the administrative law judge, but [it does]

4

not re-weigh the evidence[.]" *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court "must search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citation omitted).

To evaluate the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citation omitted), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citation omitted). Instead, if, after reviewing the evidence, the court "find[s] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even if the court "might have weighed the evidence differently[.]" *Culbertson*, 30 F.3d at 939 (citation omitted). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see also Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B. Review of Report and Recommendation

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a clearly erroneous standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error."). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

## VI. ANALYSIS

### A. *Claimant's Credibility Assessment*

Claimant first argues that Judge Roberts erred by finding the ALJ had good reasons for discounting claimant's credibility about her own limitations. Claimant focuses on what she describes as supervisor-specific or supervisor-related limitations, asserting that her mental impairments make her "unable to respond to a [sic] criticism and frustrations present in a full-time competitive workplace." (Doc. 16, at 3). The Court finds Judge Roberts did not err.

Claimant does not directly address the essence of Judge Roberts' R&R, and the basis for the ALJ discounting claimant's credibility; her claims were inconsistent with other evidence. Judge Roberts block quoted the ALJ in his R&R because the ALJ set out in detail the inconsistencies between claimant's asserted limitations and the record. Claimant's focus on supervisor-related limitations is misplaced because the focus here is not specific limitations but claimant's credibility. She claimed limitations that the records simply do not support. In her objection to the R&R, claimant fails to indicate how the identified inconsistencies somehow disappear when applied to the so-called supervisor-related limitations. For example, claimant testified she showered only every three or four days, but the ALJ found this inconsistent with the medical records reflecting her "intact appearance and hygiene." (AR 25).[2] Claimant does not explain how this inconsistency, which calls into question her credibility, has anything to do with a supervisor-related disability.

---

[2] Elsewhere in her briefing claimant points out that Schmidt-Luhring's contact with claimant was almost always, if not exclusively, audio telemedicine only, so any reliance on her notes reflecting claimant's appearance is misplaced. That is true, but here the ALJ also relied on records of other medical providers who saw claimant in person. (*See* AR 25, referencing, inter alia, AR 371, AR 376, AR 387). Schmidt-Luhring's lack of in-person treatment of claimant, it should be noted, is another reason to discount the persuasiveness of her statements.

Claimant also criticizes Judge Roberts' reliance on the ALJ's conclusion that the agency psychologists' opinions supported the ALJ's credibility assessment. Claimant argues those psychologists' opinions "were misguided and unsupported concerning the lack of any supervisor-related limitation" and because they discounted Schmidt-Luhring's opinions because she was a counselor and not a medical doctor. (Doc. 16, at 4). Claimant argues the latter is a "frivolous reason for dismissing the Schmidt-Luhring opinions." (*Id.*). Again, the question here is whether claimant was credible in reporting her own limitations. The agency psychologists also noted inconsistencies between the medical records and claimant's report of her own limitations. It is for this that the ALJ cited the agency psychologists' opinions. (AR 27). The passing reference to the agency psychologists finding Schmidt-Luhring's statements unpersuasive is immaterial to the broader issue of inconsistencies between claimant's reported limitations and the medical records. The ALJ noted the agency psychologists discounting the persuasive value of Schmidt-Luhring's statements, but did not himself dismiss her statements on that ground. Neither did Judge Roberts. As will be discussed in the next section, the ALJ carefully considered Schmidt-Luhring's opinion and discounted it because it was unsupported by the rest of the record.

In short, there is substantial support in the record for the ALJ to discount the credibility of claimant's asserted limitations, given the inconsistencies the ALJ identified in the rest of the record. Although a different ALJ, or judge, may reach a different conclusion, the question here is whether there is support for the ALJ's conclusion. There is, and the Court will not reweigh the evidence and substitute its own opinion for that of the ALJ.

Thus, the Court overrules claimant's objection to this part of Judge Roberts' R&R.

## B. *The Weight Afforded the Treating Medical Providers*

Claimant asserts Judge Roberts erred in finding the ALJ articulated sufficient reasons for finding her treating medical provider's opinions unpersuasive. (Doc. 16, at 5-8). The Court disagrees.

The ALJ did not ignore the support Schmidt-Luhring offered for her opinions, as claimant alleges. (Doc. 16, at 5). The ALJ examined her records and summarized her observations and findings at length, from the very portions of the record claimant alleges the ALJ ignored. (AR 22-23). The ALJ discounted Schmidt-Luhring's statements because her "findings were rather vague in nature," because her observations showed improvement over time that was not reflected in Schmidt-Luhring's opinion, and because "psychiatric records notes some limitation but greater functioning than alleged by" Schmidt-Luhring. (*Id.*, at 23). In her briefing before Judge Roberts and in her objections to Judge Roberts' R&R, claimant does not specifically address the very grounds the ALJ found to discount the persuasiveness of Schmidt-Luhring's opinion.[3]

Likewise, the ALJ examined Dr. Hansen's records and considered his opinion, but found it unpersuasive for similar reasons. The ALJ found Dr. Hansen's opinions "vague, failing to outline specific functional limitations regarding what activities the claimant would be capable of performing." (*Id.*, at 22). The ALJ also found his opinions "inconsistent with the claimant's own reported daily activities . . . and at odds with psychiatric and counseling records." (*Id.*). Again, claimant does not show that Dr. Hansen's opinions are not vague, does not show how his opinions are in fact consistent

---

[3] Claimant again alleges the ALJ erred by discounting Schmidt-Luhring's opinion because she was not an acceptable medical source, a practice not allowed by the regulations. (Doc. 16, at 6). Not so. The ALJ later summarized the agency psychological consultant's opinion (AR 27), but did not endorse that conclusion. No where in the ALJ discussion of why he discounted the persuasive weight of Schmidt-Luhring's opinion (AR 23) does the ALJ mention giving less weight to her opinion due to her position.

9

with claimant's daily activities, and does not demonstrate how his opinions are consistent with the other psychiatric and counseling records.[4]

It appears claimant misapprehends this Court's role here. It is not for this Court in the first instance to resolve disputes among conflicting opinions or to weigh the evidence. Rather, it is this Court's role to determine if substantial evidence in the record as a whole supports the ALJ's conclusions and the weight the ALJ afforded competing opinions. Resolution of conflicts among opining sources is well within the ALJ's domain. *Tindell v. Barnhart*, 444 F.3d 1002, 1005 (8th Cir. 2006). Here, the Court finds there is substantial evidence in the record as a whole to support the ALJ's conclusions, regardless of whether the Court would reach a different conclusion on its own.

Thus, the Court overrules claimant's objection to this part of Judge Roberts' R&R.

### C. *Development of the Record*

Claimant objects to Judge Roberts' finding that the ALJ did not improperly fail to develop the record as to claimant's physical impairments. (Doc. 16, at 8-9). Claimant argues that her mental "eccentricities . . . limited her will to seek medical care for physical conditions" and the ALJ should have ordered a consultative examination. (*Id.*, at 8). Claimant acknowledges that "[t]he R&R was fair to point out that the [sic] ordinarily, not claiming physical limitations in the application and that the hearing would make this argument difficult," but then asserts the R&R unfairly summarized claimant's attorney's statements at the hearing asserting she had physical as well as mental limitations. (*Id.*, at 9). Claimant hypothesizes that "[a]t her age, [her] various physical

---

[4] Claimant argues that "[t]he R&R faulted [claimant] for at one point claiming to have done everything for her husband as he was dying," and goes on to explain why she might see it that way because of her mental impairments. (Doc. 16, at 7). Claimant unfairly accuses Judge Roberts, who did not "fault" claimant at all for overstating the care she provided her dying husband. Judge Roberts referenced the care for her husband only when summarizing her daily activities the ALJ found inconsistent with Dr. Hansen's opinions. (Doc. 15, at 26).

10

problems could support an award if they were fully developed with a consultative examination . . . ." (*Id.*).  In her initial brief, claimant relied on passing references in medical notes to claimant seeing a chiropractor, an evaluating doctor's note that claimant had an antalgic gait and crepitus in her knees, and her own testimony at the hearing about having difficulty walking, standing, and sitting.  (Doc. 10, at 32-33).

Like Judge Roberts (Doc. 15, at 29), the Court notes the ALJ did not ignore the scant evidence in the record that claimant complained of knee pain.  (AR 18, 23-24). The ALJ considered the medical records of Dr. Stanley Mathew who examined claimant and considered her complaints of knee pain.  (AR 23-24).  The ALJ found Dr. Mathew's opinions "unpersuasive due to multiple inconsistencies" which the ALJ then enumerated at length.  (*Id.*, at 24).  The ALJ concluded there was no basis to believe that claimant's knee problems "would cause more than minimal limitations in her ability to perform work activities, and, therefore, would be nonsevere in nature." (*Id.*).

Judge Roberts found that "[p]assing references to seeing a chiropractor without any records from a chiropractor and no evidence of ever being treated for knee pain is not the type of evidence which would compel an[ ] ALJ to seek a consultative examination or request possible evidence from an unknown chiropractor or other unknown treating source."  (Doc. 15, at 28).  The Court agrees.  A single examination assessing claimant with some degree of knee pain, without more, and which is inconsistent with all other medical evidence and claimant's report of daily activities, does not warrant further development.  Like Judge Roberts, the Court also notes that claimant did not allege disability base on physical impairments.  (AR 18).  Although it may be true that claimant's attorney's statements at the hearing, taken in their entirety, asserted physical as well as mental impairments, that still falls woefully short of claimant's "burden of proving disability and providing medical evidence as to the existence and severity of an impairment." *Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013).

Thus, the Court **overrules** claimant's objection to this part of Judge Roberts' R&R.

## VII. CONCLUSION

For these reasons:

1. Claimant's objections (Doc. 16) to the Report & Recommendation (Doc. 16) are **overruled**.

2. The Court **accepts** the Report & Recommendation (Doc. 15) without modification. *See* 28 U.S.C. § 636(b)(1).

3. Following Judge Roberts' recommendation:

    a. The Commissioner's determination that claimant was not disabled is **affirmed**; and

    b. Judgment will enter against claimant and in favor of the Commissioner.

**IT IS SO ORDERED** this 27th day of September, 2024.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa